**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**JAMES RATLIFF, #101824**                                                                                 **PLAINTIFF**

**VERSUS**                                                        **CIVIL ACTION NO. 3:05cv340WHB-AGN**

**DONALD JACKSON and**
**WALNUT GROVE YOUTH CORRECTIONAL FACILITY**                         **DEFENDANT**

**MEMORANDUM OPINION**

This cause is before the Court, sua sponte, for consideration of dismissal. The plaintiff, an inmate of the Mississippi Department of Corrections (MDOC) currently incarcerated in the Walnut Grove Youth Correctional Facility, Walnut Grove, Mississippi, filed this pro se conditions of confinement complaint pursuant to 42 U.S.C. § 1983. The plaintiff was granted in forma pauperis (IFP) status on June 13, 2005. Upon liberal review of the plaintiff's complaint and the entire court record in this action, the Court finds that the plaintiff has failed to exhaust his available administrative remedies. Therefore, this case will be dismissed without prejudice.

Background

On May 31, 2005, the plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 and failed to submit a copy of his third step response and certificate from the Administrator of the MDOC Administrative Remedy Program (ARP) stating that he had administratively exhausted his claims.[1]

---

[1] The Administrative Remedy Program within the Mississippi Department of Corrections (MDOC) is a three step process. Inmates initially submit their grievance to the division head or adjudicator in writing, within thirty days after an incident has occurred. Inmates receive a step one response from the appropriate official, which they may appeal to the Superintendent or Warden of the institution, who will issue a step two response. If still aggrieved, the inmate may appeal to the Commissioner of MDOC, where a step three response is issued. At this time the Administrator of the program will issue the inmate a certificate stating that he has completed the exhaustion of his administrative remedies. Mississippi Department of Corrections Inmate Handbook (Rev.1999), Chapter VII, pg. 39-42.

An order to amend was filed on June 13, 2005, directing the plaintiff to file a certificate and third step response from the Administrator of the Mississippi Department of Corrections Administrative Remedy Program. The plaintiff filed his response to this order to amend on June 30, 2005, failing to provide the required documentation.

On July 12, 2005, the Court entered an order directing the plaintiff to show cause, in writing, why this case should not be dismissed for his failure to exhaust his administrative remedies prior to filing this suit. The plaintiff was also directed to file a certificate and third step response from the Administrator of the MDOC Administrative Remedy Program stating that he had administratively exhausted his claims. On July 29, 2005, the plaintiff filed his response to this show cause order, stating that he filed an ARP on this claim and has failed to receive a response from the ARP coordinator.[2]

## Analysis

The controlling statute, 42 U.S.C. § 1997e of the Prison Litigation Reform Act (PLRA), provides in clear language that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e conclusively requires a state prisoner to exhaust available administrative remedies before filing a section 1983 suit and precludes him from filing suit while the administrative complaint is pending. Wendall v. Asher, 162 F.3d 887, 890 (5th Cir.1998); see also Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir.1998)("By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled - -that

---

[2]Grievances filed within the program are routinely referred to as "ARP's".

is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures."). The United States Supreme Court has held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 122 S.Ct. 983 (2002); see also Booth v. Churner, 532 U.S. 731, 739 (2001). Furthermore, the Fifth Circuit has held that the available administrative remedy must be pursued to its conclusion. Wright v. Hollingsworth, 260 F.3d 357 (5th Cir.2001).

Plaintiff has failed to provide documentation that he has completed the Mississippi Department of Corrections Administrative Remedy Program. As stated above, the plaintiff claims that he filed a written request with the program and failed to receive a first step response, therefore he could not complete the program. The Court finds this reasoning misguided. The program allows an inmate to proceed to the next level when he fails to receive a response in the time frames provided for in the program. See Mississippi Department of Corrections Inmate Handbook (Rev.1999), Chapter VII, pg.41-42 (". . . expiration of response time limits without receipt of a written response shall entitle the offender to move on to the next step in the process"); see also Gates v. Cook, et al., 376 F.3d 323, 332 (5th Cir.2004)(exhaustion deemed completed when MDOC inmate filed suit after failing to receive response from final step of process in required time). As such, the Court finds that the plaintiff has failed to exhaust his available administrative remedies

To the extent the plaintiff may be requesting waiver of the exhaustion requirement based on the length of the process or the available relief, the Court finds this argument unpersuasive. The United States Supreme Court has clearly stated "[a]ll 'available' administrative remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter v. Nussle, 122 S.Ct. 983, 988 (2002)(citing Booth v. Churner, 532 U.S. 731, 739-741 (2001)). Since the plaintiff has not fully exhausted his administrative remedies prior to bringing this suit as required by the PLRA, this action will be dismissed.

## Conclusion

In light of the plain mandatory language of the statute as well as the controlling case law, and notwithstanding consideration of waiver of the exhaustion process, it is clear that this complaint must be dismissed. Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 23rd day of August, 2005.

                                          s/William H. Barbour, Jr.
                                          UNITED STATES DISTRICT JUDGE